UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
August 25, 2016
David J. Bradley, Clerk

| | |
|---|---|
| Lon Bankston, | § |
| Plaintiff, | § § § |
| versus | § § |
| Foot Locker Retail. Inc., | § § |
| Defendant. | § § |

Civil Action H-14-2836

# Opinion on Judgment

1. *Introduction.*

   A shoe-store chain fired a manager. He says that he was mistreated because of his age and disability and fired because he complained about it. The company will prevail.

2. *Background.*

   Lon Bankston worked for Foot Locker Retail, Inc., in a variety of positions for 20 years – from 1992 to 2013. Most recently, he managed the store in the Alameda Mall, reporting to district manager Jorge Gutierrez.

   Bankston has renal cancer and has had a hip replaced. He says that his doctor told him not to lift anything over fifty pounds. He does not have a doctor's note or medical records to support this claim.

   He says that Gutierrez (a) made disparaging comments about his age and movement, calling him "old fart," "old ass," and "slow" and (b) told him to lift boxes that were over fifty pounds. Bankston complained about Gutierrez. In response, Foot Locker staff counseled him.

   In March of 2013, two employees at Bankston's store complained that he had (a) acted unprofessionally, (b) talked offensively to colleagues and customers, (c) sold shoes before their release date, and (d) sold shoes that had been reserved by employees for other customers. Foot Locker began investigating. It excluded Gutierrez from the investigation because of Bankston's complaint.

Bankston was suspended on June 28, 2013. Foot Locker's section for fair employment says that multiple witnesses supported the complaints about Bankston and that he admitted to selling shoes reserved by employees for other customers. Foot Locker fired him on July 25, 2013. He was forty-seven; he estimates his replacement was in his mid-thirties.

3. *Bias Predicate.*

Bankston says that Foot Locker fired him because he was old, disabled, or for complaining about discrimination. Other than a few comments by his supervisor about his age and mobility, which were addressed by the company counseling Gutierrez, he has no facts to support age-related hostility by Gutierrez, much less about the company. No fact connects the firing to his complaint against Gutierrez. The company acted to stop the comments. Bankston did not protest the company's resolution of that complaint; therefore, he may not now sue on a settled friction.

Gutierrez did not decide to fire Bankston; he was instructed to convey the decision of the higher-level staff to Bankston. His subordinates complained about him to the proper section of management.

Bankston says that Gutierrez relayed statements to the employment department from the employees making the complaints. He says that Gutierrez's continued involvement in the investigation evinces an intent to discriminate against him for complaining about the discrimination.

Gutierrez acted as a messenger – not a decision maker – passing on information from Bankston's employees to the investigators. Foot Locker's exclusion of Gutierrez from a role in the decision demonstrates a clear intent to protect Bankston from Gutierrez. No reasonable juror could find that the decision to fire Bankston was influenced by his age or disability.

Assuming that Gutierrez ordered him to lift boxes that were too heavy, he fails because he has shown neither a medical restriction nor request for an accommodation.

4. *Cause.*

Foot Locker had a good reason to fire Bankston. Bankston was in charge of a store and its people. Those people who worked directly under him reported that

Bankston had embarrassed customers, Foot Locker, and them. They say he sabotaged their sales and violated release dates. One of them requested a transfer to a different store to avoid working with him. No reasonable jury could find that age, disability, or a discrimination complaint played any part in the company's decision to fire him. Perhaps not everyone would have fired him for the collapse of his performance, but that is not the standard. Did the employer have a rational basis for losing confidence in him? Undisputably, yes.

5. *Conclusion.*

The law protects the disabled and older workers. It does not immunize them from full responsibility for their performance at work. Foot Locker responded constructively to Bankston's complaint about Gutierrez, and it responded constructively to his subordinates complaints about him. Sound business practices and intelligently lawful personnel practices are what the facts show.

Signed on August 25, 2016, at Houston, Texas.

_____
Lynn N. Hughes·
United States District Judge